UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMEL WHITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV1595 CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Missouri state prisoner Jamel Whitt seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Whitt is currently serving terms of imprisonment following his conviction for the crimes of first-degree murder and armed criminal action. Whitt filed a motion to appoint counsel, citing mental illness and borderline intellectual functioning, which I denied after reviewing his well-written petition for habeas corpus. Whitt now requests reconsideration of that denial.

In support of his motion for reconsideration, Whitt has provided an affidavit from another inmate in the same correctional facility in which Whitt is incarcerated. That inmate asserts that Whitt is wholly illiterate and had assistance from a "prison law clerk" who was authorized to submit Whitt's § 2254 petition by the prison officials.

There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *In re Lane*, 801 F.2d 1040, 1043–44 (8th Cir. 1986); *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although Whitt may be unable to assert his habeas claims himself, it appears from the record that whoever assisted him with the petition did so in a manner protective of Whitt's interests. The motion for reconsideration does not assert that any grounds should have been raised in addition to or differently from those raised in the petition. At this stage, I cannot say that Whitt will substantially benefit from the appointment of counsel or that there is a need for further investigation into the facts of this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to reconsider motion for appointment of counsel [# 11] is **denied**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2014.